1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

SARA MARIE MARLOWE,

11
            Plaintiff,

CASE NO. 15-cv-05140 JRC

12
    v.

ORDER ON PLAINTIFF'S
COMPLAINT

13
CAROLYN W. COLVIN, Acting
14
Commissioner of the Social Security
Administration,
15
            Defendant.
16

17      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18 Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19 Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States

20 Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 11, 12, 13).

21      After considering and reviewing the record, the Court concludes that the ALJ did

22 not err in evaluating plaintiff's severe impairments, the Listings, the medical evidence,

23 plaintiff's testimony, or the vocational expert's testimony. The ALJ did not err then in

24

assessing plaintiff's residual functional capacity ("RFC") and finding plaintiff capable of work. Therefore, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

<u>BACKGROUND</u>

Plaintiff, SARA MARIE MARLOWE, was born in 1984 and was 26 years old on the amended alleged date of disability onset of August 13, 2010 (*see* AR. 70, 281-82, 283-92). Plaintiff completed her GED following her junior year in high school (AR. 87). Plaintiff has experience working in a pet store, as a veterinarian assistant, as a nursing assistant, and as a cashier (AR. 301-08). Plaintiff was fired from her most recent job for misconduct (AR. 47).

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disc disease of the lumbar spine, hip bursitis, schizoaffective disorder, and obsessive compulsive disorder (20 CFR 404.1520(c) and 416.920(c))" (AR. 25).

At the time of the hearing, plaintiff was living with her parents (AR. 73).

<u>PROCEDURAL HISTORY</u>

Plaintiff's second applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 204-06, 207-10, 214-18, 219-25). Plaintiff's requested hearing was held before Administrative Law Judge Robert P. Kingsley ("the ALJ") on August 27, 2013 (*see* AR. 66-109). On November 27, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 19-42).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the Commissioner err in failing to consider plaintiff's migraines as a severe impairment; (2) Did the Commissioner err in determining that plaintiff did not meet or equal a listing; (3) Did the Commissioner err in the evaluation of the opinion evidence; (4) Did the Commissioner err in the evaluation of plaintiff's credibility; (5) Did the Commissioner err in determining that plaintiff had the RFC to perform the jobs of injection molding machine tender, grain picker, and laundry worker; and (6) Did the Commissioner err in relying on the testimony of the vocational expert (*see* Dkt. 11, p. 2).

### STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

### DISCUSSION

(1)   **Did the Commissioner err in failing to consider plaintiff's migraines as a severe impairment?**

Plaintiff contends that the ALJ erred in finding plaintiff's migraines not to be a severe impairment (*see* Opening Brief, Dkt. 11, pp. 5-6).

Step two of the administration's evaluation process requires the ALJ to determine if the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§

404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). The ALJ "must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether [or not] each alone was sufficiently severe." *Smolen, supra,* 80 F.3d at 1290 (citations omitted). The step-two determination of whether or not a disability is severe is merely a threshold determination, raising potentially only a "prima facie case of a disability." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (*citing Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999)). The step-two analysis is "a *de minimis* screening device to dispose of groundless claims," when the disability evaluation process ends at step two. *Smolen, supra,* 80 F.3d at 1290 (*citing Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)).

Here, the ALJ found that plaintiff's migraines were not a severe impairment because they did not cause more than a minimal limitation in plaintiff's ability to perform basic work activities (*see* AR. 25). The ALJ noted that plaintiff had not seen a doctor for her migraines since December of 2011 (*see id.*). The ALJ also noted that plaintiff noted medication was helpful (*see id.*). Ultimately, the ALJ opined that a limitation to simple, routine tasks would accommodate plaintiff's symptoms (*see id.*). However, the ALJ did find plaintiff to have several other severe impairments and proceeded to subsequent steps in the sequential disability evaluation process (*see id.*).

Plaintiff argues that the record shows that plaintiff's migraines are not in fact controlled by medication and that the migraines occasionally prevent plaintiff from performing daily tasks (*see* Opening Brief, Dkt. 11, p. 6). However, even if the ALJ erred here, any error is harmless. The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104,

1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

Once step two is resolved in a claimant's favor, the issue becomes whether the evidence establishes any work-related limitations beyond those assessed by the ALJ. *Hoopai, supra*, 499 F.3d at 1076. Here, the ALJ noted that even though he found no recent complaints of migraines in the medical record, a "limitation to simple, routine tasks would accommodate any temporary flares" (AR. 25). The ALJ specifically added that though he found several impairments not to be severe, he "carefully considered their impact on the claimant's ability to perform basic work activities, as reflected in the residual functional capacity analysis" (AR. 26).

Plaintiff argues that the fact that her migraines are not easily managed "shows that the migraines limit her ability to do basic work activities" (*see* Opening Brief, Dkt. 11, p. 6). However, no physician has assessed a more significant limitation resulting from plaintiff's migraines than the RFC's limitation to simple, routine tasks. Plaintiff also

argues that her self-reports and the reports of her parents indicate that her migraines prevent her from completing everyday tasks once or twice a week, forcing her to lie down and cover her face (*see id*.). However, as discussed below, the ALJ properly discounted plaintiff's credibility. *See supra*, section 4. The ALJ also discounted the testimony of plaintiff's parents, which was not challenged by plaintiff on appeal. Therefore, plaintiff has provided no sufficient evidence that any error in determining her migraines not to be a severe impairment would have resulted in a different RFC or affected the ultimate disability determination.

> (2)     **Did the Commissioner err in determining that plaintiff did not meet or equal a listing?**

Plaintiff argues that the ALJ erred in determining that plaintiff's mental impairments did not meet or equal Listings 12.03, 12.06, or 12.08 (*see* Opening Brief, Dkt. 11, pp. 6-7).

At step three of the administrative process, if the administration finds that the claimant has an impairment(s) that has lasted or can be expected to last for not less than twelve months and is included in Appendix 1 of the Listings of Impairments, or is equal to a listed impairment, the claimant will be considered disabled without considering age, education and work experience. 20 C.F.R. § 404.1520(d). The claimant bears the burden of proof regarding whether or not she "has an impairment that meets or equals the criteria of an impairment listed" in 20 C.F.R. pt. 404, subpt. P, app. 1 ("the Listings"). *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005), *as modified to render a published opinion by* 2005 U.S. App. LEXIS 3756 (9th Cir. 2005).

A claimant must demonstrate that she medically equals each of the individual criteria for the particular Listing by presenting "medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (*citing Sullivan v. Zebley*, 493 U.S. 521, 531 (1990); 20 C.F.R. § 416.926(a)). A claimant cannot rely on overall functional impact, but must demonstrate that the impairment equals each criterion in the Listing. *Id.*

Here, the ALJ found that plaintiff did not meet the "paragraph B" or "paragraph C" criteria for Listings 12.03, 12.06, or 12.08 (*see* AR. 27-28). Plaintiff argues that, contrary to the ALJ's findings, she does have marked restrictions in activities of daily living, marked difficulties in maintaining concentration, and marked difficulties in maintaining social functioning (*see* Opening Brief, Dkt. 11, p. 7). As evidence of these difficulties, plaintiff points to her own testimony regarding her capabilities and daily activities, as well as a medical record indicating trouble concentrating and speaking (*see id.*). Plaintiff does not challenge any of the ALJ's findings individually but instead argues for a different interpretation of the evidence. However, plaintiff's interpretation is based on her own testimony, which was properly found not to be credible (*see supra*, section 4), and one page of the medical record that describes the frequency of her troubles concentrating and speaking, but not the severity or their effect on her functioning (*see* AR. 1001).

Furthermore, it is not the job of the court to reweigh the evidence; if the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld." *Thomas*

*v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (*citing Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999)). The ALJ's interpretation of the evidence is supported by substantial evidence. In activities of daily living, the ALJ found mild restrictions based on plaintiff's ability to care for pets, prepare simple meals, and perform light cleaning (*see* AR. 27). The ALJ found moderate difficulties in social functioning because plaintiff can go grocery shopping, goes to the movies with friends, and has stated she has no trouble getting along with others (*see id.*). Finally, with regard to concentration, the ALJ found moderate difficulties because testing showed plaintiff had average memory and attention and can follow written instructions (*see id.*). Because the ALJ offered a rational interpretation of the evidence, the ALJ did not err in finding that plaintiff did not meet a Listing.

(3) **Did the Commissioner err in the evaluation of the opinion evidence?**

Plaintiff argues that the ALJ erred in the distribution of the weight given to medical providers (*see* Opening Brief, Dkt. 11, pp. 8-9). Specifically, plaintiff contends that the ALJ erred by giving great or significant weight to non-examining physicians, while giving little weight to treating and examining physicians (*see id.*).

However, the ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Determining whether or not inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Morgan, supra*, 169 F.3d at

603.)  If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))). "In order to discount the opinion of an examining physician in favor of the opinion of a non-examining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996)).

Here, the ALJ gave specific reasons for discounting the opinions of Dr. Jennifer Irwin, M.D., and Dr. Susan Hendricks, M.D. (*see* AR. 35). Plaintiff does not challenge the legitimacy of any of these reasons given by the ALJ, instead arguing that giving great weight to non-examining physicians and little weight to examining and treating physicians "is contrary to what is required by the CFRs" (*see* Opening Brief, Dkt. 11, p. 9). However, because an ALJ may discount a treating or examining physician's opinion for specific and legitimate reasons, and plaintiff presented no specific challenge to the ALJ's findings and discussion of the evidence, no error is found here. *See Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . ." (internal citation omitted)); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 n.7 (9th Cir. 2009) (applying waiver doctrine in Social Security context).

(4)     **Did the Commissioner err in the evaluation of plaintiff's credibility?**

Plaintiff argues that the ALJ erred in evaluating plaintiff's credibility (*see* Opening Brief, Dkt. 11, p. 9). Specifically, plaintiff argues only that "the ALJ did not adequately evaluate the medical evidence in the record," validating certain opinions without considering the full record, and so the ALJ's credibility determination was in error (*see id*.).

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. *Sample, supra*, 694 F.2d at 642 (*citing Waters, supra*, 452 F.2d at 858 n.7 (9th Cir. 1971) (*Calhoun, supra*, 626 F.2d at 150 (9th Cir. 1980))). If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen, supra*, 80 F.3d at 1284 (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)).

As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss, supra*, 427 F.3d at 1214 n.1 (*citing Tidwell, supra*, 161 F.3d at 601). That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the

claimant's complaints.'" *Greger, supra*, 464 F.3d at 972 (*quoting Morgan, supra*, 169 F.3d at 599); *Reddick, supra*, 157 F.3d at 722 (citations omitted); *Smolen, supra*, 80 F.3d at 1284 (citation omitted). The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony regarding symptoms, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen, supra*, 80 F.3d at 1284 (citations omitted).

Here, the ALJ found that plaintiff was not credible because the objective medical evidence does not support plaintiff's allegations, her daily activities cast doubt on her allegations, and she made inconsistent statements to medical providers (*see* AR. 33). In arguing only that the ALJ did not adequately evaluate the medical evidence in the record, plaintiff waives any challenge against the other specific, clear, and convincing reasons, supported by substantial evidence, provided by the ALJ for discrediting plaintiff's testimony. *See Greenwood, supra*, 28 F.3d at 977. Therefore, the ALJ is not found to have erred here.

    (5)    **Did the Commissioner err in assessing plaintiff's residual functional capacity?**

Plaintiff also argues that the ALJ erred in determining plaintiff's RFC because the ALJ failed to properly evaluate plaintiff's severe impairments, the medical evidence, and plaintiff's testimony (*see* Opening Brief, Dkt. 11, pp. 9-10). However, as discussed above, the ALJ did not err in any of those evaluations. *See supra*, sections 1, 3, 4. Therefore, there is no reason to reverse this matter based on the ALJ's RFC.

(6)     **Did the Commissioner err in relying on the testimony of the vocational expert?**

Plaintiff argues that the ALJ erred in finding that the testimony of the vocational expert ("VE") was consistent with the Dictionary of Occupational Titles ("DOT") and that plaintiff could perform the jobs of injection holding machine tender, grain picker, and laundry worker (*see* Opening Brief, Dkt. 11, p. 11). Specifically, plaintiff argues that the ability to follow detailed instructions required by those jobs is incompatible with the limitation to simple, routine tasks in the RFC assessed by the ALJ (*see id*.).

However, the Ninth Circuit recently "join[ed] the Tenth Circuit and h[e]ld that there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning." *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015). In doing so, the *Zavalin* court noted that the Tenth Circuit precedent they were following indicated that Level 2 Reasoning requirements did not appear to conflict with a limitation to simple, routine tasks or simple, repetitive tasks. *Id.* at 846, citing *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005). Moreover, the *Zavalin* court specifically discussed that Level 2 Reasoning is defined as the ability to apply common sense to carry out detailed but uncomplicated instructions. *Id.* at 847. All the jobs identified by the VE are categorized by the DOT as Reasoning Level 2 (*see* AR. 37). *See DOT* 556.685-038 (injection molding machine off bearer), available at 1991 WL 683482; *DOT* 529.687-110 (grain picker), available at 1991 WL 674762; *DOT* 302.685-010 (laundry worker), available at 1991 WL 672657. Therefore, the ALJ did not err in relying on the testimony of the VE.

1

<u>CONCLUSION</u>

2

Based on these reasons and the relevant record, the Court **ORDERS** that this

3

matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

4

**JUDGMENT** should be for **defendant** and the case should be closed.

5

Dated this 25th day of August, 2015.

6

7

8

J. Richard Creatura
United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24